GReen, J.
delivered the opinion of the court.
This is an action of debt upon two notes, which are set out in the declaration according to their tenor; — and which two notes are in the same words, as follows: “ On or before the tenth day of May next we will pay John Lambden two hundred dollars, for value received of him. Witness our hands and seals, May 19, 1838.”
“J. B. Butcher, [seal.]
“ Peter Sharp, & Co.,”
*225 There are several pleas to which there are issues, — but in the ■ sixth plea, the defendants rely on the statute of limitations of six years. To this plea the plaintiff replied, and the defendants demurred to the replication. The court sustained the demurrer, and gave judgment for the defendants, and the plaintiff appealed to this court.
The plaintiff’s replication is manifestly bad, but as the defendants’ demurrer reaches the first fault in the pleadings, the question is raised whether the defendants’ sixth plea is a good defence to the action.
The writings are executed by J. B. Butcher, who is not sued, and by the defendants, in their firm name of Peter Sharp & Co., and there is but one seal. But the fact that there is but one seal does not prove that it is not the deed of all the parties; for many persons may seal, with the same seal. Shep. Touchstone, 51. And since the adoption of the scroll for a seal, many obligors' may adopt one scroll for the seal of each, if it appear to have been their intention to do so. Bohanna vs. Lewis, 3 Munroe’s R. 376; Yarboro' vs. Monday, 3 Dev. Rep., 493; Hollis vs. Pond, 7 Hum. Rep.
In the case of Hollis vs. Pond, (7 Hum. Rep., 222) there were only four seals to the bond, and there were nine signatures. This court held, that it was a matter to be left to the jury whether all the parties intended to adopt the seals or not; — that the onus was on the plaintiff to prove such intention ; but that the words in the conclusion of the instrument, “ witness our hands and seals,” although they do not make it a sealed instrument, yet they may be looked to as a circumstance, to explain the intention ol the parties and increase the probability, that it is the deed of all.
This case is decisive of the one before us. Here, both instruments set out in the declaration, conclude with the *226 words “ witness our hands and seals,” and there are but two signatures — the name of J. B. Butcher, and the firm name, Peter Sharp & Go. The employment of the words,
“ our hands and seals,” in the plural, as here used, constitute prima facie an express adoption by both persons signing the paper, of the seal which is affixed, — because otherwise the plural is improperly used. In the case of Hollis vs. Pond, it was only a circumstance conducing to prove such adoption, because there were four seals and nine signatures, and the plural might have been used by the four persons only, whose names were placed opposite to the seals. But here, the presumption that both parties intended to seal the instrument is much stronger.
The fact that the name of the firm, and not the individual names of the defendants is signed, can make no difference. They are all bound by the bond, unless upon the plea of non est factum it appear that the partner who placed the signature there, was not authorized to do so. And if it shall appear, that the other- partners did not authorize the acting partner to bind them by an instrument under seal, yet, it is well settled, that he who placed the signature on the paper, is bound by the deed.
Whether the pleader intended so to frame the declaration as to charge the defendants upon an obligation under seal, can make no difference, if he has so framed it. And we'think he has done so. The declaration, instead of describing the writings,'in the usual form, sets them out according to their tenor, and alleges that the defendants executed them by the name and style of Peter Sharp & Co. We think, therefore, prima facie, the instruments declared on are sealed instruments, and that, therefore, the plea of the statute of limitations, pleaded by the defendants, is not a good defence to the action.
after the delivery of the above opinion, submitted the following argument to the court:
In this cause the attorney for the defendants respectfully asks the court to set aside the judgment pronounced in this cause, at this term, and the following reasons are shown to the court for such motion:—
The instruments sued on have but one seal, and there being two signatures, it is correctly held in the first part of the opinion that they, the instruments, may be bonds or notes, as the fact may be of the adoption or non-adoption of the seal by both parties, and it is not even contended but that the use of the personal pronoun “ our,” and the substantíve “ seals, ” both in the plural, and there being* but two signatures, may make a strong, presumptive, and prima facie case of adoption by both; yet it is insisted such adoption is liable to be rebutted and shown not to have taken place. -If the seal was not adopted by defendants the ■ statute is a good plea,' and to hold it is not a good plea necessarily adjudges the fact, and precludes defendants from the benefit of statute of limitations, if they be “ notes.”
The instruments being such as that they may be “bonds ” or “notes,” surely defendants have a right to show they are “ notes,” and if so, to rely on statute of limitations; but if their plea of the statute is held bad, then their showing them to be “notes” will be of no avail, although the statute has barred them.
The plaintiff knows whether the instruments are “ notes ” or “ bonds,” and in his declaration he sets them out in haec verba, and in this way shows they may be either “ notes ” or “ bonds,” with a presumption, I may admit, from their face, that they are “ bonds,” but still a presumption which may be rebutted; but by direct averment, and in an essential part of the declaration, he says, they are “promissory notes.” The defendants’ pleas all treat the instruments as notes, and their sixth plea is the statute of limitations, averring the instruments to be promissory notes, as plaintiff does, (a good plea to actions founded on notes), and plaintiff, in his replication, admits them to be notes, by not taking issue on that fact, averred in the plea, and by seeking to avoid the plea by new matter. After all this, can plaintiff be allowed to say, his direct averment of a fact to be one way, which, from other showing of plaintiff, might' be that way, or another way, is not the fact, but that other way, more beneficial to plaintiff is the fact, and this too when the defendants by allowing such action to plaintiff must altogether lose the benefit of a good and important plea, if they can prove the fact to be in accordance with the direct averment of plaintiff?
Sneed, for the defendant,
Reverse the judgment, and remand the cause to be proceeded in upon the issues in the cause.
The first part of the opinion of the court distinctly holds, that the obligations sued on may or may not be “ bonds,” with a presumption, from their face, that they are bonds, but still a presumption that may he overthrown by proof: the -latter part of the opinion holds a plea bad, because the instruments are, from their face, only prima facie “ bonds,” which plea is a good plea if they are notes, and to which plea plaintiff has replied new matter, admitting by all the rules of pleading thereby, that the papers are “ notes;” and in this state of the case to hold defendants’ plea bad is to cut them off from a valid defence if the papers are “ notes,” as the plaintiff in all his pleadings expressly and impliedly avers them to be.
The plea of non est factum, in this record, does not and cannot put in issue the fact whether the papers are “ bonds ” or “ notes,” framed as the declaration is averring them to be “promissory notes,” and setting out by tenor papers which may be either, and if the defendants signed or signed and sealed the papers, on this plea, in either event, judgment must be for plaintiff.
The plea of non-assignant was filed, because of an alteration in the day of payment of the notes, which alteration appears in the face of the originals — not of course in this record — and with no view to any such question, as to whether papers are “ bonds ” or “ notes.” Both sides treated the papers as “ notes,” as I learn the fact to be, since the opinion was delivered, and which fact I learn is susceptible of the clearest proof, on the principles of first part of the opinion.
I may also be allowed to say, that the partnership name of the defendants being used, is a presumption that the papers were intended to be “notes” as to defendants, as strong or stronger than the use of the plural, in the two words commented on, shew the contrary.
I purposely avoid the principle of making one scroll, when adopted by several, equal and analagous, to the use of the same seal, and with it making as many different impressions as persons to the bond.
I must not omit the fact, that the declaration shows on its face, that the pleader had in view the question, whether the papers were “ notes ” or “ bonds.” He avers them to be “ bonds,” as to Butcher, and doubtless enquired as to the facts, and framed his declaration according to his information as to them.
Gheen, J.
then delivered the following opinion:
The argument for the defendant in error admits, as the opinion of the court asserts, that the instruments sued on *230 are 'prima facie “ bonds.” Then, as a matter of course prima facie, the plea of the statute of limitations, is bad; for, if they are “bonds,” the plea is no defence. As the declaration is framed, the plea of the .statute of limitations cannot be allowed, without an averment in said plea, that the writings sued on are promissory notes, and were so intended at the time they were made by the defendants. This averment will let in the proof as to the intention of the parties, in relation to the adoption of the seal; and, if they can show, notwithstanding the prima facie evidence contained in the words of the instrument, of an intention to adopt the seal, that, nevertheless, such was not in fact their intention, the statute _ of limitations will be a good plea; but, if they fail in such proof, the issue will be against them.
Upon a review of the opinion, we think it correct.